UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OAKIWEAR OUTDOOR, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TIMBEE, LLC, et al., <br><br> Defendants. | CASE NO. C17-5202 BHS <br><br> ORDER DENYING PLAINTIFF'S MOTION TO AMEND, MOTION FOR CONTEMPT, AND MOTION TO STRIKE |

This matter comes before the Court on Plaintiff Oakiwear Outdoor, LLC's ("Oakiwear") motion to amend injunction (Dkt. 41), motion for contempt (Dkt. 44), and motion to strike the additional evidence or, in that alternative, submit additional briefing (Dkt. 60). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

## I. PROCEDURAL HISTORY

On March 16, 2017, Oakiwear filed a complaint against Defendants Benjamin Brewer, Maura Brewer, Timbee, LLC, and Julie Zimmerman ("Defendants") asserting causes of action for misappropriation of trade secrets, in violation of the Defense of

Trade Secrets Act and Washington's Uniform Trade Secrets Act, breach of fiduciary duty, tortious interference with business expectancy, conversion, and civil conspiracy. Dkt. 1.

Oakiwear also filed a motion for a temporary restraining order. Dkt. 2. On March 17, 2017, the Court requested a response and set the matter for oral argument. Dkt. 7. On March 22, 2017, the parties filed a stipulated motion for preliminary injunction. Dkt. 23. Later that day, the Court entered the proposed order as an order of the Court. Dkt. 24. In relevant part, the injunction provides that (1) Defendants shall not contact Oakiwear's existing or prospective customers, except customers that independently came into contact with Timbee through certain channels, including Zulily.com (*id.* ¶ 2(a)(iv)) and (2) Defendants shall not use Hangzhou Fushi Import and Export Co., Ltd. to manufacture its goods (*id.* ¶ 2(c)).

On June 1, 2017, Oakiwear filed a motion to amend the injunction and a motion for contempt of the injunction. Dkts. 41, 44. On June 19, 2017, Defendants responded. Dkt. 47. On June 23, 2017, Oakiwear replied. Dkts. 51, 52. On July 13, 2017, Defendants submitted additional evidence. Dkt. 56. On July 19, 2017, Oakiwear moved to strike the additional evidence or, in that alternative, submit additional briefing. Dkt. 60.[1] On August 16, 2017, the Court held a hearing on Oakiwear's motions. Dkt. 63.

---

[1] The Court denies the motion because Oakiwear had an opportunity to respond to Defendants' supplemental evidence at the hearing.

## II. DISCUSSION

**A. Motion to Amend Preliminary Injunction**

To prevail on a motion for a preliminary injunction, the movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Resources Defense Council*, 555 U.S. 7, 20 (2008)).

In this case, Oakiwear moves to add four companies to the list of entities that Defendants may not contact or use during the pendency of this matter. First, Oakiwear moves to add Zulily and Kid to Kid to the list of companies that Defendants may not solicit, contact, or communicate with. Dkt. 41 at 1. Oakiwear argues that it is likely to succeed on its trade secrets claims, breach of fiduciary duty claim, and/or tortious interference with business expectancy claim. There are numerous problems with Oakiwear's position. Regarding the trade secrets claims, the existence of a large retailer does not qualify as a trade secret. "For trade secrets to exist, they must not be 'readily ascertainable by proper means' from some other source, including the product itself." *Boeing Co. v. Sierracin Corp.*, 108 Wn.2d 38, 49–50 (1987) (citing RCW 19.108.010(4)(a)). Oakiwear has failed to show that it is likely to succeed on the issue of whether the existence of Zulily or Kid to Kid could not be readily ascertainable by proper means. *See*, *e.g.*, Dkt. 49, ¶ 6 ("Prohibiting a company from selling on Zulily is like prohibiting them from selling on Amazon or Target. Selling products on Zulily, a widely

known and highly utilized website in the children's apparel industry, is not proprietary to Oakiwear.").

Similarly, to succeed on the relevant aspect of its breach of fiduciary duty, Oakiwear must show that Defendants obtained confidential information. While Oakiwear has submitted evidence of Defendants' activities that are antithetical to their employer's interests, the knowledge of large retailers in the kid's clothing industry is hardly confidential information. "[T]he former employee, even in the absence of an enforceable covenant not to compete, remains under a duty not to use or disclose, to the detriment of the former employer, trade secrets acquired in the course of previous employment." *Ed Nowogroski Ins., Inc. v. Rucker*, 137 Wn.2d 427, 437 (1999). Oakiwear has failed to show that it is likely to succeed on the issue of whether the existence of Zulily or Kid to Kid was confidential business contact. Moreover, Oakiwear has failed to submit sufficient evidence of harm related to Timbee's contacts with these businesses. There must be more than an assumption that Timbee's contacts with certain entities resulted in lost sales to Oakiwear.

Regarding the tortious interference claim, the competing evidence raises numerous questions of fact. For example, "a cause of action for tortious interference arises from either the defendant's pursuit of an improper objective of harming the plaintiff or the use of wrongful means that in fact cause injury to plaintiff's contractual or business relationships." *Pleas v. City of Seattle*, 112 Wn.2d 794, 803–04 (1989). Intent and motive are hard to prove, and this is especially true at the preliminary stage of a

proceeding. Therefore, the Court concludes that Oakiwear has failed to meet its burden on this requirement.

Even if reasonable minds could differ on the Court's assessment of the merits, Oakiwear has failed to show that the balance of equities tips in its favor. Oakiwear repeatedly assured the Court that it was not trying to put Timbee out of business, but the uncontested evidence in the record is that "Timbee would likely be out of business if it could not sell on Zulily." Dkt. 49, ¶ 6. Putting Timbee out of business is an inequitable preliminary remedy based on the current record. Therefore, the Court denies Oakiwear's motion to amend the injunction to add Zulily and Kid to Kid to the list of prohibited sellers.

Second, Oakiwear moves to add Hangzhou Centralstar Sporting Goods Co. Ltd. ("Hangzhou Centralstar") and Hangzhou Fujie Outdoor Products Inc. ("Hangzhou Fujie") to the list of manufacturers that Timbee is prohibited from utilizing. Dkt. 41 at 1. Similar to the analysis above, Oakiwear has failed to show a proprietary interest in "using manufacturers that can be found in three clicks on the world's largest website." Dkt. 47 at 12. Preventing Timbee from using these manufacturers does not "level the playing field." Dkt. 52 at 7. Instead, it would tip the equities sharply in Oakiwear's favor by preventing Timbee from essentially using any manufacturer in Hangzhou, China. Moreover, Oakiwear has failed to show how knowledge of its manufacturing pricing, terms, and order history has resulted in an unfair advantage on Alibaba.com, wherein the manufacturers provide quotes for desired products. Even if an established client like Oakiwear receives some discount over a new client like Timbee, Oakiwear can be

properly made whole with damages instead of preventing Timbee from utilizing manufactures in one city in China. Therefore, the Court denies Oakiwear's motion to amend the injunction to include these manufacturers.

**B.     Motion for Contempt**

"Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (quoting *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir.1993). "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." *Id*.

In this case, Oakiwear alleges that Defendants have violated the injunction by contacting certain customers and by failing to turn over contact lists and sales leads. Dkt. 44 at 1–2. Regarding the latter item, Defendants assert that they have turned over every list in their possession. Dkt. 47 at 12–13. Oakiwear has failed to provide clear and convincing evidence that Defendants' assertions are false. In other words, the Court is unable to force Defendants to deliver something that they do not possess unless it is established that their assertions regarding what they actually possess are untrue. Therefore, the Court denies Oakiwear's motion on this issue.

Regarding Oakiwear's allegations that Timbee is improperly contacting certain clients and manufacturers, Oakiwear has failed to meet its burden. It appears that the parties failed to have a meeting of the minds as to whether Zulily and Kid to Kid were

included in the injunction. Such a disagreement as to the intent of the injunction and competing reasonable interpretations of the language of the injunction precludes a finding that one party has violated the injunction by clear and convincing evidence. Similarly, Timbee asserts that "Green Path Baby, Ya Ya Children's Boutique, and Little Kid Star independently contacted Timbee and placed orders at a trade show." Dkt. 47 at 13. Oakiwear has failed to produce clear and convincing evidence to the contrary. Finally, Timbee has provided evidence to show that it has severed ties with Hangzhou Fushi and one picture from the factory showing Timbee boots is not clear and convincing evidence to the contrary. Therefore, the Court denies Oakiwear's motion for contempt.

### III. ORDER

Therefore, it is hereby **ORDERED** that Oakiwear's motion to amend injunction (Dkt. 41), motion for contempt (Dkt. 44), and motion to strike the additional evidence or, in that alternative, submit additional briefing (Dkt. 60) are **DENIED**.

Dated this 25th day of August, 2017.

                                             BENJAMIN H. SETTLE
                                             United States District Judge